IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARLENE SCHMIDT,<br><br>    Plaintiff,<br>v.<br><br>GOVERNOR GARY HERBERT,<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.2:18cv311-DAK-BCW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

This case is referred to the undersigned by District Judge Dale A. Kimball in accordance with 28 U.S.C. § 636(b)(1)(B).[1] In April 2018, the court granted Plaintiff Darlene Schmidt's (Plaintiff) request to proceed in *forma pauperis*.[2] In this action the Plaintiff alleges that Utah Code §57-1-1(3), which requires private property owners to use public utilities meters, violates her constitutional rights and moves the court to "clarify Utah Ann. 57-1-1(3)," as well as to bar the Defendant from "instructing his department staff of striking, vacating, altering, or other these preamble secured blessings for any mental illness or other needs."[3] Defendant responded by filing a motion to quash service and dismiss.[4] After reviewing the parties' arguments and briefs, the court RECOMENDS the motion to dismiss be GRANTED, thereby mooting the motion to quash, motion for determining jurisdiction,[5] motion to strike,[6] motion regarding California A7,[7] and the motion to review judicial duties.[8]

---

[1] ECF No. 5.
[2] ECF No. 2.
[3] ECF No. 3 at 2.
[4] ECF No. 14.
[5] ECF No. 22.
[6] ECF No. 28.
[7] ECF No. 29.
[8] ECF No. 30.

## BACKGROUND AND ANALYSIS

Plaintiff's Complaint is cryptic at best. For example, it states: "Darlene D. Schmidt, pro Se relying upon Luke 11-12: And when they bring you veto powers, take ye no thought how or what thing ye shall answer, or what ye shall say: For the Holy Ghost shall teach you in the same hour, what ye ought to say." Although the Complaint cites biblical passages and sections of the Utah Code, there are no factual allegations that connect any of these references to the Defendant's alleged conduct or requested relief. In fact, the Complaint is void of any allegations of how the Defendant has interfered with any of Plaintiff's legally protected rights. Likewise, although the Complaint asks the court to "clarify Utah Code §57-1-1(3)" it does not explain what clarification is needed.

A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[9] All well-pleaded factual allegations in the complaint are accepted as true, and viewed in the light most favorable to the nonmoving party.[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] Accordingly, "only a complaint that states a plausible claim for relief survives a motion to dismiss[.]"[12]

Plaintiff's opposition to the motion to dismiss likewise does not provide any factual or legal support for a cognizable claim. Instead, the Plaintiff's 35-page brief makes bizarre

---

[9] *GFC Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citation omitted).
[10] *Ash Creek Miming Co., v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id*. at 679.

allegations about the Defendant being a "serial murderer," Plaintiff needing to be resuscitated twice, and Rocky Mountain Power attaching a military weapon to her house, but it does not provide any basis for not dismissing the Complaint. On the contrary, Plaintiff argues, without any basis, that Rules 8 or 41 are irrelevant.

Here, the Complaint is unintelligible. Since the Complaint does not contain well-pleaded factual allegations it is difficult to ascertain Plaintiff's claims or request for relief. Therefore, the Complaint is insufficient to state a claim for relief and should be dismissed under Rule 12 (b)(6). Moreover, there are other proper grounds for dismissal.

Rule 8(a) of the Federal Rules of Civil Procedure, specifically requires that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Thus, vague or unintelligible pleadings like the Complaint here violate the requirements of Rule 8. The Tenth Circuit has held that where a complaint does not comply with the requirements of Rule 8, a court on its own initiative or in response to a defendant's motion, may dismiss the complaint under Rule 41(b) of the Federal Rules of Civil Procedure.[13] Accordingly, dismissal pursuant to Rules 8 and 41 is also warranted here.[14]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be

---

[13] *See, e.g. Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed.Appx. 728, 730 (10th Cir. 2006)(upholding the district court's dismissal of pro se plaintiff's complaint for failing to meet the Rule 8 pleading requirements); *Owens-El v. Kostar*, 220 Fed.Appx. 781, 782 (10th Cir. 2007)(affirming the district court's dismissal of complaint for failure to contain a short plain statement).
[14] Although *pro se* litigants are held to a less stringent standard, it is improper for the court to have to sort through a vague or unintelligible complaint to construct the plaintiff's case for her. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

dismissed with prejudice.  This recommendation moots the motion to quash, as well as the motions for determining jurisdiction, to strike, regarding California A7, and to review judicial duties. [ECF Nos. 22, 28-30].

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of her right to object.  Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 February 2019.

Brooke C. Wells
United States Magistrate Judge